# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JOSE ANTONIO MARTINEZ<br>    LA. DOC #582284 | CIVIL ACTION NO. 5:15-cv-1919 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jose Antonio Martinez, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 17, 2015. Petitioner attacks his 2011 conviction for attempted aggravated rape and the hard labor sentence imposed thereon by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

### *Statement of the Case*

On September 27, 2010, petitioner was indicted by the Bossier Parish Grand Jury on a charge of Aggravated Rape. [Doc. 1-1, p. 6] On August 30, 2011, he pled guilty to Attempted Aggravated Rape pursuant to a plea agreement which provided for a sentencing cap of 40 years. [Doc. 1-2, pp. 20-23; 48-55] On November 4, 2011, he was sentenced to serve 40 years without

benefit of parole. [Doc. 1-1, p. 6] He did not appeal. [Doc. 1, ¶8][1]

On October 31, 2013, he filed a pro se application for post-conviction relief in the District Court raising two claims for relief – (1) the guilty plea was constitutionally infirm and (2) ineffective assistance of counsel. [Doc. 8, Exhibit A, pp. 2-19[2]] On November 7, 2013 the District Court ordered the State to respond. [Doc. 8, Exhibit B, pp. 20-21] On December 17, 2013, the State filed an Answer [Doc. 8, Exhibit C, pp. 22-26] On January 17, 2014, the District Court denied post-conviction relief. [Doc. 1, ¶11(a)(8); Doc. 8, Exhibits D and E, pp. 27-31]

On March 30, 2014, he filed a writ application in the Second Circuit Court of Appeal. [Doc. 1-2, pp. 4-19] On May 8, 2014, the application was denied "[o]n the showing made." *State of Louisiana v. Jose Antonio Martinez*, No. 49,355-KH at Doc. 1-2, pp. 1-2; Doc. 8, Exhibit I, pp. 41-42] Petitioner's May 27, 2014, writ application to the Louisiana Supreme Court [Doc. 1-2, pp. 24-47] was denied on June 1, 2015, without comment. *State of Louisiana ex rel. Jose Antonio Martinez*, 2014-1211 (La. 6/1/2015), — So.3d —;  2015 WL 3868062; see also Doc. 1-2, p. 3; Doc. 8, Exhibit J, p. 43]

Petitioner filed the instant petition for habeas corpus on June 17, 2015. He again argues that his guilty plea was infirm and that he received ineffective assistance of counsel.

---

[1] Petitioner has not directly stated that he did not appeal his conviction or sentence; however, an examination of the presumptively reliable published jurisprudence of the State of Louisiana reveals no indication that he did. Further, petitioner was sentenced pursuant to a plea agreement which provided for a sentence cap and since his sentence conformed to the agreement, he was unable to appeal either his conviction or sentence. *See State v. Crosby*, 338 So.2d 584 (La. 1976); La. C.Cr.P. art. 881.2(A)(2),  *State v. Young*, 96-0195 (La.10/15/96), 680 So.2d 1171; *State v. Foster*, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.

[2] Petitioner's pro se application and memorandum were dated "this 10 day of 31, 2013." See Doc. 8, pp. 14 and 19. For the purposes of this Report it will be presumed that October 31, 2013 is the earliest date that the pleading can be considered filed under the "Mailbox Rule."

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);  *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition.  *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following November 4, 2011 (the date

---

[3] Nothing in the record suggests that limitations should be calculated from the dates provided in 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

3

that petitioner was sentenced)[4] or, on or about December 5, 2011.  Petitioner had one year from

that date, or until December 5, 2012, to timely file his federal *habeas* petition.  Petitioner cannot

rely upon the tolling provision of Section 2244(d)(2) because he did not file his application for

post-conviction relief in the District Court until October 31, 2013, and by that time the

limitations period had already expired and could not be revived, since, as noted above, any lapse

of time before the proper filing of an application for post-conviction relief in state court is

counted against the one-year limitation period.  *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of

judgment and the date petitioner filed the instant petition.

### 2. Equitable Tolling

In the order directing petitioner to amend his petition to provide the dates needed to

complete an initial review, petitioner was directed as follows: "In the event that the instant

petition is time-barred under the provisions of 28 U.S.C. §2244(d)(1), petitioner should also

provide evidence and argument to establish that he is eligible for either statutory or equitable

tolling of the limitation period." [Doc. 7] Petitioner provided the documents requested but

offered no evidence or argument to support a claim for either statutory or equitable tolling.

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526

U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710,

713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made
no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is
taken."

whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

As noted above, petitioner was afforded the opportunity to produce evidence and argument to establish his eligibility for equitable tolling, however, he did not. A review of the record indicates that the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Recommendation and Orders*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 30, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

7